UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MARK GIERCZAK**
**a/k/a WINFIELD AVENUE, LLC,**
        **Plaintiff,**

     v.                                                      Case No. 12-CV-00254

**CREAM CITY WRECKING &**
**DISMANTLING, LLC, et al.,**
        **Defendants.**

---

## DECISION AND ORDER

      Pro se plaintiff Mark Gierczak brought this action under 42 U.S.C. § 1983 claiming that defendants were attempting to violate his civil rights by destroying his home. The defendants named in the complaint include the City of Milwaukee, the City of Milwaukee Department of Neighborhood Services ("Department of Neighborhood Services"), Art Dahlberg, Ronald Roberts, and Chris Kraco, who are City employees, and Cream City Wrecking & Dismantling, LLC ("Cream City Wrecking").

      The facts in this case are as follows:[1] Plaintiff was the owner of the house located at 8163 Winfield Avenue in Milwaukee, Wisconsin. In July 2010, the City of Milwaukee issued a raze order notifying plaintiff that his house was not in compliance with local housing codes and ordering him to either repair or knock down the house. Plaintiff claims

---

[1] These facts are taken from the complaint and from the records in the related case plaintiff filed in Milwaukee County Circuit Court that are referenced in the complaint. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (noting that a court is permitted to consider documents referred to in the complaint when deciding whether a complaint states a valid claim).

he did not receive actual notice of this order until July 7, 2011, just a few days before the City was planning on coming in and razing the house itself. To prevent the destruction of his home, plaintiff hired an attorney and filed a complaint in Milwaukee County Circuit Court seeking a temporary restraining order ("TRO") against the City and its employees. The circuit court granted the TRO and then held an evidentiary hearing on plaintiff's motion for more permanent injunctive relief. After the hearing, the court granted the City's motion to dismiss the case finding that plaintiff had been properly served with a copy of the raze order in July 2010 and that he had failed to timely challenge it as required by Wisconsin law and City ordinances. On November 28, 2011, the court denied plaintiff's motion for reconsideration and his motion to stay the raze order pending appeal. As a result, the City proceeded with its plans to knock down the house and did so in March 2012. Plaintiff's appeal to the Wisconsin Court of Appeals seeking monetary damages for the destruction of the house is still pending.

Just a few days before the house was to be destroyed, plaintiff filed this pro se lawsuit seeking another TRO against the named defendants. In his complaint, plaintiff describes the state court action and alleges that the damage to the house was not his fault. Apparently, it was caused by acts of vandalism committed by his ex-girlfriend and his next door neighbors, who maliciously pumped water into the house causing it to flood and the furnace to short out. Plaintiff further alleges that employees of the Department of Neighborhood Services repeatedly broke into his home from March 2009 to March 2012 when he was not present and stole his personal property. He claims that these invasions of his privacy and defendants' decision to destroy plaintiff's house without giving him an opportunity to repair it or due process are all part of an elaborate conspiracy against

2

plaintiff. He alleges that defendants are discriminating against him because he is mentally ill and they want him to move out of Milwaukee. As a result of this conspiracy, plaintiff claims he has also had false criminal charges filed against him in Milwaukee County Circuit Court.

This court has the power "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). I can dismiss a complaint if it either fails to state a claim on which relief can be granted or is legally "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). Having screened the complaint and given plaintiff's pro se allegations a liberal construction, I will dismiss this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting "[a] document filed pro se is 'to be liberally construed'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

I will dismiss plaintiff's claims because I find they are frivolous. A frivolous claim is one that "no reasonable person could suppose to have any merit," *Lee v. Clinton*, 209 F. 3d 1025, 1026 (7th Cir. 2000), meaning that it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When deciding whether a claim is frivolous, a judge not only has "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327–28.

Most of plaintiff's factual contentions are clearly baseless. The complaint's allegations that defendants razed plaintiff's house as part of an elaborate conspiracy

against him, and that City employees repeatedly violated plaintiff's Fourth Amendment rights by breaking into his house and stealing his personal property are implausible. Defendants have no apparent motive for conspiring against plaintiff, and plaintiff admits that he never saw City employees or their agents breaking into his home. He claims that all of the break-ins occurred when he was not present. Moreover, if the City had wanted to enter the property without plaintiff's consent, it could have obtained a special inspection warrant. *See* Wis. Stat. § 66.0119(2). The lengthy history of problems with the property that plaintiff describes would have been sufficient to give the City probable cause to believe the interior of the house was not in compliance with the housing code.

The only claim that plaintiff offers that has any possible substance is his claim that he was deprived of his property without due process, but this claim has no legal basis. Plaintiff alleges that the Department of Neighborhood Services issued the raze order almost two years before it destroyed his house, and that, prior to destruction, he was given the opportunity to appear in court and challenge the order. Thus, he admits he was given the opportunity to object to the destruction of his house before it happened. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965))).

Alternatively, I am dismissing this case because it is moot. The only relief plaintiff is seeking is an injunction preventing the destruction of a house that has now been destroyed. Since there is no longer a house to protect, injunctive relief cannot remedy

4

plaintiff's loss. Plaintiff can, of course, seek monetary damages for his loss as he is doing in state court, but he has not sought such relief in this court.

**THEREFORE, IT IS ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 18th day of October 2012.

                                 s/ Lynn Adelman
                                 _____
                                 LYNN ADELMAN
                                 District Judge